UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

WARREN W. JENCKS,
SANDRA J. JENCKS

Debtors

Chapter 7

Bankruptcy No. 21-00753

## RULING ON MOTION TO DISMISS THE MOTION TO DETERMINE NATURE AND EXTENT OF SECURED DEBT

This matter came before the Court by telephonic hearing on March 11, 2022. Michael Dunbar appeared for Debtors Warren and Sandra Jencks ("Debtors"). Mark Walz appeared for Creditor AgVantage FS, a division of GROWMARK, Inc. ("AgVantage"). The Court took the matter under advisement on the record submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

### STATEMENT OF THE CASE

After the Meeting of Creditors and careful review of this case, Trustee abandoned all property of the estate, including the property that gives rise to this Ruling. Debtors received a discharge on December 1, 2021, dissolving the automatic stay. AgVantage holds a mortgage on Debtors' real property and initiated foreclosure proceedings. Debtors then brought the Motion to Determine Nature and Extent of Secured Debt ("Debtors' Motion"). They allege AgVantage allowed Debtors to build on the land subject to its mortgage without objection.

Debtor argues AgVantage now seeks to gain additional value to which it is not entitled in the foreclosure proceedings.

AgVantage moved to dismiss Debtors' Motion to Determine Nature and Extent of Secured Debt ("AgVantage's Motion"). AgVantage argued Debtors' Motion had to be dismissed for several reasons including procedural infirmity and lack of subject matter jurisdiction. Debtors have not filed a resistance to the Motion but argued against dismissal at the hearing. For the following reasons, the Court finds that AgVantage's Motion to Dismiss should be granted for procedural infirmity and a lack of subject matter jurisdiction.

## BACKGROUND

Debtors filed their Chapter 7 voluntary petition on August 16, 2021, reporting no monthly income whatsoever. (ECF Doc. 1). Debtors reported assets of $292,400 and liabilities of $1,138,830. Debtors' real property, the subject of their Motion, was valued at $250,000. The Meeting of Creditors was held and concluded on September 20, 2021. The Chapter 7 Trustee concluded, after a diligent inquiry into the financial affairs of Debtors and property belonging to Debtors' estate, that there was no property available for distribution to Debtors' creditors. The Chapter 7 Trustee investigated Debtors' financial situation and concluded that their bankruptcy estate was valueless, abandoning all the included property. (ECF Doc. 20).

During the bankruptcy proceedings, Debtors attempted to claim a homestead exemption. (ECF Doc. 1). AgVantage objected to the claim of homestead exemption, noting it held a mortgage on Debtors' property and a claim that has been reduced to judgment on the property in the amount of $860,003.37. (ECF Doc. 8). Though Debtors have made payments in partial satisfaction of the debt, a large balance of $730,503.37 remains outstanding. After Debtors received their discharge and the stay lifted, AgVantage brought foreclosure proceedings.

Debtors then filed a Motion to Determine Nature and Extent of Secured Debt in this Court. (ECF Doc. 28). Debtors' Motion was not filed as an adversary proceeding. Debtors claim that they constructed their homestead on property they believed to be free and clear of AgVantage's mortgage, but which they later discovered was subject to AgVantage's mortgage. Debtors allege that AgVantage allowed them to build their homestead on property AgVantage knew was subject to the mortgage without objecting. Debtors claim that the construction of the homestead greatly increased the value of the whole property. They assert AgVantage should be denied the increased value of the homestead in foreclosure proceedings, limiting its recovery to the value of the bare ground under the homestead based on the equitable principles of laches and unjust enrichment.

3

AgVantage's response focused on the procedural and jurisdictional arguments, not the merits. Debtors argued at the telephonic hearing that this Court should use its equitable powers to provide relief to Debtors.

## DISCUSSION

### I. Procedural Infirmity

AgVantage argues Debtors' Motion should be dismissed because it is not allowed under the rules governing bankruptcy procedure. Rule 7001 provides that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" constitutes an adversary proceeding. Fed. R. Bankr. Pro. 7001(2). Though Debtors do not state as much in their one-page Motion, their Motion challenges the extent to which AgVantage's lien applies to their homestead. As such, Debtors were required to bring their Motion as an adversary proceeding. Similarly situated debtors have been required to bring claims of this nature as adversary proceedings. See, e.g., In re Goetzman, 91 F.3d 1173, 1176 (8th Cir. 1996); In re Moffitt, 406 B.R. 825, 829 (Bankr. E.D. Ark. 2009); In re Northway, Bankr. No. 85-1928-C, Adv. No. 88-0055, 1988 WL 1571422, at *1 (Bankr. S.D. Iowa May 27, 1988).

The Court finds that Debtors' Motion should have been filed as an adversary proceeding under Rule 7001. Courts typically allow parties leave to amend and refile adversary proceedings "when justice so requires." Fed. R. Civ. Pro. 15(a)(2);

4

see also Fed. R. Bankr. Pro. 7015 (incorporating this Rule in the bankruptcy context). Factors that weigh against granting leave to amend include bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the non-moving party, **and futility**. Doe v. Cassel, 403 F.3d 986, 990–91 (8th Cir. 2005). "Denial of a motion for leave to amend on the basis of futility 'means the . . . court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss . . . .'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Cornelia I. Crowell GST Tr. v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)). The Court finds that Debtors' Motion could not withstand a motion to dismiss even if amended because the Court lacks subject matter jurisdiction.

## II. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3); see also Fed. R. Bankr. Pro. 7012(b) (applying this Rule in the bankruptcy context). For a bankruptcy court to exercise subject matter jurisdiction, the proceeding must either be a core proceeding under Title 11, arise in a case under Title 11, or else be "otherwise related to a case under [T]itle 11." 28 U.S.C. § 157(b)(1), (c)(1). Post-discharge proceedings on the nature of state law claims are not core proceedings as contemplated in § 157. Moffitt, 406 B.R. at 831. For these claims, a bankruptcy court may only exercise "related to"

jurisdiction under § 157(c)(1). Id.; Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir. 1993); In re Mayhone, 165 B.R. 264, 266 (Bankr. W.D. Ark. 1994).

For a bankruptcy court to exercise "related to" jurisdiction under § 157(c)(1), the proceeding must pass the so-called "conceivable effect" test adopted by the Eighth Circuit:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether **the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy** . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.

Dogpatch Props., Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.), 810 F.2d 782, 786 (8th Cir. 1987) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (alterations in original).

There is a consensus among bankruptcy courts that where, as here, an adversary complaint involves property that has been abandoned by the Trustee, a discharge has been granted by the bankruptcy court, and the matter involves a state law claim, the state court claim can have no conceivable effect on the bankruptcy proceedings. See, e.g., Moffitt, 406 B.R. at 832 ("In McAlpin, the Eighth Circuit made clear that where there is no bankruptcy estate remaining, there can be no 'related to' jurisdiction.") (citing In re McAlpin, 278 F.3d 866, 868 (8th Cir. 2002)); Northway, 1988

WL 1571422, at *1; Mayhone, 165 B.R. at 265 ("A mere overlap between debtor's affairs and another dispute does not confer 'related to' jurisdiction unless the dispute also affects the debtor's estate or allocation of assets.").

This Court has previously adopted this reasoning. See In re Allen, Bankr. No. 06-00835, Adv. No. 06-9149, 2006 WL 3490302, at *2 (Bankr. N.D. Iowa Nov. 28, 2006) ("In Specialty Mills, the Eighth Circuit held that 'related to' jurisdiction did not exist where, no matter who prevailed in the litigation, there would be no effect on the administration of the bankruptcy estate.") (citing Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995)).

The state law foreclosure proceedings can have no conceivable effect or impact on the administration of Debtors' bankruptcy estate. Debtors' estate was deemed valueless by Trustee, all of Debtors' assets have been abandoned in the bankruptcy proceedings, and Debtors have received a discharge. The estate is empty—there is nothing left to administer. Moreover, the relief sought by Debtors is not unique to Title 11. Debtors' arguments are still available and can be made in state court, which has the same ability as this Court to grant the equitable relief sought. Accordingly, the Court finds that it lacks subject matter jurisdiction over Debtors' Motion.

Because the Court grants AgVantage's Motion to Dismiss on these grounds, it need not reach AgVantage's other arguments. For the foregoing reasons, the Court finds that AgVantage's Motion to Dismiss the Motion to Determine Nature and Extent of Secured Debt should be granted.

## CONCLUSION

AgVantage's Motion to Dismiss is therefore **GRANTED**.

Dated and Entered:
April 29, 2022

                                                  THAD J. COLLINS,
                                                  CHIEF BANKRUPTCY JUDGE